## William J. Bligh, Defendant in Error, v. The People's Packing Company, Plaintiff in Error.

### Gen. No. 20,119.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

### Statement of the Case.

Action by William J. Bligh, plaintiff, against The People's Packing Company, a corporation, defendant, to recover a balance of salary as secretary of defendant.

The evidence showed that plaintiff had been voted by the stockholders a salary of $50 a week by a resolution which did not specify his duties and had not been rescinded. It also appeared that plaintiff performed extra services for defendant, which was engaged in packing hogs, in buying hogs for it.

From July until December, 1912, defendant temporarily suspended active operations and plaintiff performed no extra services.

To reverse a judgment for plaintiff for $348.68, defendant prosecutes this writ of error.

SHEPARD, MCCORMICK, THOMASON & PATTERSON, for plaintiff in error; MELLEN C. MARTIN, of counsel.

WALTER T. STANTON, for defendant in error; FRANK J. CORR and F. PHILIP YOUNG, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 284*—*when officer's salary not suspended.* Where the records of a corporation show that its secretary's salary was voted him as an officer of the corporation and not for the performance of extra services outside of the regular duties of his office, the fact that the corporation temporarily suspends active operation and thus dispenses with the necessity of the extra services which he had been performing does not affect his right to the salary.

2. CORPORATIONS, § 296*—*when evidence insufficient to show agreement by officer to waive salary.* In an action to recover compensation as secretary of a corporation, where defendant claims that plaintiff agreed to suspend his salary during a period in which the corporation was not in active operation, where the only evidence directly bearing on the subject is that a conversation was had between plaintiff and defendant's president, the latter testifying that it was to the effect that salaries were to cease until operations were resumed, while the former claims that it was that salaries were to be credited but not paid until operations were resumed, and the plaintiff's contention is corroborated by the fact that he was credited with his salary on the corporation's books with the knowledge of the president who gave no orders to the contrary, it is sufficient to support a judgment for plaintiff.